**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **PAUL DONNELL TAYLOR,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 26-cv-601-NJR** |
| **WARDEN CHAD JENNINGS, WARDEN MINDI NURSE, LATOYA HUGHES, JOHN DOE #1 DENTIST, JOHN DOE #2 DOCTOR, JOHN DOE #3 PSYCHIATRIST,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Paul Donnell Taylor, an inmate of the Illinois Department of Corrections who is currently incarcerated at Robinson Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Robinson and Stateville Correctional Centers.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

### *In Forma Pauperis* **Motion**

Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment *in forma pauperis* ("IFP"), "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). A review of documents filed in the electronic docket of this Court and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Taylor has had three cases which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *Taylor v. Stewart, et al.*, Case No. 01 C 1708 (D. Az.); *Taylor v. Chicago PD, et al.*, Case No. 07 C 5097 (N.D. Ill.), and *Taylor v. Burnett, et al.*, Case No. 14 C 7574 (N.D. Ill.).

Taylor failed to disclose his strikes. The Complaint form Taylor used to file his pleading specifically directs the plaintiff to disclose ALL past lawsuits and warns that the failure to disclose prior cases including strikes may result in sanctions, including dismissal of the action (Doc. 1, p. 3). When asked to identify his case history, Taylor identified one case he claimed he filed in the Northern District of Illinois. He failed to even disclose the name or case number of the case and merely noted that he was going to request a stay in the case (*Id.*). When asked to state whether or not he received a strike for the case under Section 1915(g) he responded in the negative, noting that some of his prior cases were dismissed for failure to prosecute but he was trying to reopen those cases (*Id.*). His statement suggested additional cases, but Taylor failed to identify those cases. Taylor's motion and affidavit to proceed

without prepayment of fees also asked Taylor to disclose whether he had obtained any strikes from prior litigation. The form specifically requested Taylor to declare one of the following:

> I have NOT had 3 or more civil actions dismissed as being frivolous, malicious, or for failure to state a claim and/or received 3 or more "strikes" under 28 U.S.C. § 1915(g).

> I am proceeding under 28 U.S.C. § 1915(g), based on my claim that I am in imminent danger of serious physical injury.

(Doc. 6, p. 1).

Taylor marked both options, noting that he had not received three strikes but that he was also in imminent danger (*Id*.). But Taylor clearly had three strikes prior to filing his current lawsuit. In fact, he has been informed on numerous occasions that he had three strikes and even received criticism on a prior occasion for failing to disclose his litigation history. In *Taylor v. Chicago PD, et al.*, Case No. 07 C 5097 (Doc. 49) (N.D. Ill., June 18, 2008) Taylor's case was dismissed because it was untimely, barred by res judicata, and contained material misrepresentations regarding his litigation history, misrepresentations the district court found to be bordering on fraud (Doc. 49, p. 6). The district court noted that Taylor had been warned in the form pleading to disclose his entire legal history but instead marked "NONE" on both of his complaint forms despite having filed five previous cases (*Id*.). In *Taylor v. Burnett et al.*, Case No. 14 C 7574 (N.D. Ill. Aug. 26, 2015), the district court denied Taylor's request to proceed *in forma pauperis* on appeal because he had "struck out" under Section 1915(g) (Doc. 45). The Court noted that Taylor was previously advised that he had "struck out" and was required to disclose his litigation history but failed to do so in his motion for leave to appeal *in forma pauperis* (*Id*.). In *Taylor v. Justice Police Officers, et al.*, Case No. 15 C 4910 (N.D. Ill. July 1, 2015), Taylor's case was dismissed for failing to disclose his litigation

history (Doc. 6). The district court noted that although it was unclear whether Taylor had formally been advised that he had "struck out" under Section 1915(g), he had previously been warned that failing to disclose all of his prior litigation could constitute a fraud on the court (*Id.*). Despite the warning, Taylor disclosed only three of his fifteen prior cases. As a result, the case was dismissed with prejudice for committing a fraud upon the court (*Id.*).

Despite clear notice of his 3 strikes and prior criticism for failing to disclose his prior litigation history, Taylor failed to disclose his cases or strikes in his filings in this case. His Complaint suggests that he has no strikes under Section 1915(g) and his motion to proceed *in forma pauperis* is ambiguous (Doc. 1, p. 3; Doc. 6, p. 1). Further, he failed to even identify the number of cases he filed prior to this lawsuit. The failure to disclose litigation history is serious, and courts have authority to impose sanctions if an inmate intentionally fails to disclose litigation history. *See e.g., Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011) (having found fraud in an inmate's disclosure of litigation history, courts may impose sanctions such as dismissal with prejudice). Additionally, if an inmate has three strikes under 28 U.S.C. § 1915(g), then he may not proceed without paying the full civil filing fee. The only exception to this requirement is if an inmate demonstrates that he is in imminent physical danger, a requirement that Taylor has not met on the facts presented.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* The imminent danger exception to Section 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." *Lewis*

4

*v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (*citing Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

Although Taylor marked that he was proceeding under the imminent danger exception in his motion to proceed *in forma pauperis*, he failed to address his claim of imminent danger in either his motion or Complaint. Taylor's Complaint is difficult to decipher. It appears to include numerous, unrelated claims. His Complaint first alleges that he was denied six months of good time in 2009 during a previous incarceration (Doc. 1, p. 5). He also alleges that on his current conviction he is not eligible for good time because he is considered a sex offender which he was unaware of until he filed a habeas corpus proceeding in 2025 (*Id.* at p. 6). He alleges that he is currently incarcerated for residential burglary but falsely labeled a sex offender which denied him due process (*Id.* at pp. 6-7).

Taylor also alleges issues with his medical care. He alleges that he is unable to see a doctor for issues with his right knee (Doc. 1, p. 7). He alleges the knee is "bone on bone" but he is unable to receive a knee brace, pain medication, or steroid shots (*Id.*). He notes issues with his medical care since arriving at Stateville and also now at Robinson (*Id.*). He alleges that he wants an x-ray but has been unable to see the doctor (*Id.*). Taylor also notes that he has issues with his dental care. He notes an upper tooth is loose and he has bleeding from his teeth (*Id.* at p. 8). He acknowledges having pain medication but claims the medication does not work for his pain (*Id.*).

Taylor also notes issues with his access to the courts (Doc. 1, p. 8). He notes that it sometimes takes thirty days for Mrs. Brandy to issue a certified bank statement and a $5.00 check for his filing fees (*Id.*). This causes delays in paying his filing fees. He notes Mrs. Smith

kicked Taylor out of the law library on several occasions for talking to the paralegal (*Id*.). Taylor alleges that his limited access to the law library caused him delays in submitting filings to the court (*Id*. at pp. 8-9).

Taylor also takes issue with strip searches that he was subjected to after returning from a court writ at Stateville in February 2026 and when he transferred to Robinson Correctional Center (Doc. 1, p. 10). Each time, a male officer looked inside his anus without a proper search warrant (*Id*.). He believes that the act amounted to cruel and unusual punishment and constituted an unreasonable search (*Id*.).

Finally, Taylor alleges that Robinson Correctional Center has brown water a third of the time (Doc. 1, p. 12). Taylor notes that when the water is brown, the inmates cannot drink the water or wash their clothes until it clears (*Id*.). He blames Warden Chad Jennings who he alleges is responsible for all inmates (*Id*.). He alleges that the building is condemned and there are issues with the plumbing, air conditioning, and heating. He also believes that delays in his medical treatment were caused by the overcrowding at the prison (*Id*.). He notes that there are no fire extinguishers and 20 inmates are confined to the living area (*Id*.).[1]

Taylor's Complaint fails to state a claim or show imminent danger. The majority of his claims are conclusory, and he fails to provide any specifics regarding his conditions or treatment. For instance, when discussing his dental care, Taylor fails to allege when he first sought care for his tooth, whether or not he has seen a dentist, and what care, if any, he has

---

[1] Taylor includes an additional page regarding an inmate Darcell Nevils. Taylor labels this page Count VI and notes that Nevils also experienced unconstitutional conditions of confinement at Robinson (Doc. 1, p. 13). It is not clear whether Taylor intends Nevils to be an additional plaintiff. He is listed in the case caption, but the only claim that includes allegations from Nevils is the unconstitutional conditions of confinement claim.

been provided. *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (A successful complaint generally alleges "the who, what, when, where, and how…"). He indicates that he received pain medication for his condition but fails to indicate when he received the medication. Although he identifies a John Doe dentist in the case caption, he fails to allege any interactions with the dentist or his personal involvement in treating Taylor's tooth. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about the plaintiff's condition, not whether a reasonable official should have known"); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("[l]iability depends on each defendant's knowledge and actions"). Similarly, when discussing his medical care, he merely notes he is unable to see a doctor for his knee and he needs a brace, pain medication, and steroid shots (Doc. 1, p. 7). He fails to provide any allegations about his care at either prison or the personal involvement of any of the defendants. Neither of these potential claims allege imminent danger. In fact, Taylor recently filed a motion for preliminary injunction regarding his medical and dental care and his motion suggests that he has received some care although clearly not the treatment he wants (Doc. 7, p. 1). And nothing in his motion suggests imminent danger.

In addition to his medical claims, Taylor attempts to proceed on a number of other claims. He alleges due process violations, issues with his access to the courts, and identifies concerns regarding his conditions of confinement. None of these claims include enough factual allegations to state a viable claim nor do they allege imminent danger. Because Taylor fails to allege imminent danger, his request to proceed *in forma pauperis* is **DENIED** (Doc. 6). Taylor is **DIRECTED** to pay the full filing fee as outlined below or face dismissal of his claims.

Finally, the Court notes that Taylor's Complaint suffers from a number of issues. As previously stated, Taylor fails to state a viable claim and he fails to tie any claim to a named defendant. He does identify Warden Chad Jennings, alleging he is liable for Taylor's conditions of confinement because he is in charge of the wellbeing of all inmates, but he fails to allege that Jennings was aware of the conditions Taylor faced or personally involved in the violations. He cannot be liable solely in his position as warden because the doctrine of *respondeat superior* (or supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Further, Taylor has identified a number of claims which cannot all proceed in the same lawsuit. A complaint also must follow the rules of joinder. FED. R. CIV. P. 18-21. Specifically, Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Taylor's numerous claims are unrelated and include multiple different defendants. Many of the claims, including his claims regarding access to the law library and the calculation of his sentence, fail to associate a defendant with the alleged violation, but the claims would presumably not proceed against the same individuals identified in Taylor's medical claims. Further, none of the claims seem to arise out of the same transaction or series of transactions. These various claims simply cannot proceed in the same lawsuit. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.").

8

To remedy problems with misjoinder, a court may add or drop a party, or it may sever claims from a lawsuit. FED. R. CIV. P. 21; *Dorsey v. Varga*, 55 F.4th 1094, 1107-08 (7th Cir. 2022). The Seventh Circuit has also stated that a pleading can be stricken, and a plaintiff required to replead an improperly joined Complaint. *Dorsey*, 55 F.4th at 1107-08.

Because Taylor's Complaint violates the rule on joinder, the Court finds the last option appropriate given the number of potential claims raised by Taylor. The Court finds that Taylor is in the best position to determine which claims he intends to pursue in this lawsuit. He may pursue only related claims against a single group of defendants in this case and must file separate lawsuits to pursue his other claims. Should he continue to pursue unrelated claims, those claims may be subject to dismissal or severance.

### Disposition

For the reasons stated above, Taylor's Complaint is **STRICKEN** for improper joinder of defendants and claims. He is **GRANTED** leave to file a First Amended Complaint on or before **July 30, 2026**. The First Amended Complaint shall focus on one claim or set of related claims against one or more defendants that arises from a single transaction or occurrence or series of transactions or occurrences. Taylor's request for a preliminary injunction (Doc. 7) is **DENIED**.

Taylor's motion to proceed *in forma pauperis* (Doc. 6) is **DENIED**, and he is **ORDERED** to pay the full filing fee of $405.00 within thirty days (on or before **July 30, 2026**). If Taylor fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

9

Finally, given Taylor's failure to disclose any of his strikes or his litigation history, the Court also finds it appropriate to require Taylor to show cause as to why sanctions, including dismissal of this case with prejudice, should not be imposed against him for his failure to disclose his litigation history and strikes. Taylor is **ORDERED TO SHOW CAUSE** why this Court should not sanction him for fraudulent litigation conduct by **July 21, 2026**.

**IT IS SO ORDERED.**

**DATED:  June 30, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

10